IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY LAMONT, | No. C 07-5782 JSW (PR) |
| Plaintiff, | **ORDER OF PARTIAL DISMISSAL AND OF TRANSFER** |
| vs. | |
| PLEASANT VALLEY STATE PRISON, et al., | |
| Defendants | (Docket Nos. 2, 6) |

Plaintiff, an inmate incarcerated at Salinas Valley State Prison ("SVSP"), has filed a pro se civil rights complaint[1] under 42 U.S.C. § 1983 against numerous prison officials. The bulk of the complaint alleges the violation of Plaintiff's constitutional rights at Pleasant Valley State Prison ("PVSP"), where Plaintiff was formerly housed, by PVSP officials. Plaintiff also has a claim against one official at SVSP. He has also filed a motion to proceed *in forma pauperis*.

## DISCUSSION

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify

---

[1] The original complaint was superseded by Plaintiff's December 11, 2007 Amended Complaint. For expediency, the Amended Complaint is referred to as "the complaint" throughout this order.

1  any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to
2  state a claim upon which relief may be granted, or seek monetary relief from a
3  defendant who is immune from such relief. *See id.* at 1915A(b)(1),(2). Pro se
4  pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d
5  696, 699 (9th Cir. 1990).

6      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
7  elements: (1) that a violation of a right secured by the Constitution or laws of the
8  United States was violated, and (2) that the alleged deprivation was committed by a
9  person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

10 B.  Claim Against SVSP Defendant

11     Plaintiff alleges that Defendant A. Partida, the only Defendant at SVSP,
12 "falsified" documents in Plaintiff's prison file. Even if true, the inaccuracy of records
13 compiled or maintained by the government is not sufficient to state a claim of
14 constitutional injury under the Due Process Clause. *See Paul v. Davis*, 424 U.S. 693,
15 711-714 (1976). Consequently, Plaintiff fails to state a cognizable claim against
16 Partida, and such claim will be DISMISSED.

17 C.  Claims Against PVSP Defendants

18     Other than the claim against Partida, discussed above, Plaintiff's remaining
19 claims are against PVSP Defendants arising from their alleged violation of his
20 constitutional rights at PVSP. PVSP is located in Coalinga, California (Fresno
21 County), within the venue of the United States District Court for the Eastern District of
22 California.

23     When jurisdiction is not founded solely on diversity, venue is proper in the
24 district in which (1) any defendant resides, if all of the defendants reside in the same
25 state, (2) the district in which a substantial part of the events or omissions giving rise to
26 the claim occurred, or a substantial part of property that is the subject of the action is
27 situated, or (3) a judicial district in which any defendant may be found, if there is no

district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Where a case is filed in the wrong venue, the district court has the discretion either to dismiss the case or transfer it to the proper federal court "in the interest of justice." 28 U.S.C. § 1406(a). Venue may be raised by the court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks,* 790 F.2d 1486, 1488 (9th Cir. 1986).

Plaintiff's claims complains about constitutional violations at PVSP by PVSP officials will, in the interest of justice, be transferred to the Eastern District of California.

## CONCLUSION

For the foregoing reasons, the claim against Defendant Partida is DISMISSED for failure to state a cognizable claim for relief. The Clerk shall TERMINATE Defendant Partida from this action.

As the proper venue for the remaining claims is the Eastern District of California, in the interests of justice, and pursuant to 28 U.S.C. § 1406(a), this action be TRANSFERRED to the United States District Court for the Eastern District of California. In light of this transfer, the Court will defer to the Eastern District for ruling on Plaintiff's request to proceed in forma pauperis.

The Clerk of the Court shall transfer this matter forthwith and terminate Docket Nos. 2 & 6 from this Court's docket.

IT IS SO ORDERED.

DATED: April 3, 2008

JEFFREY S. WHITE
United States District Judge

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LAMONT KELLY,

    Plaintiff,

v.

PLEASANT VALLEY STATE PRISON et al,

    Defendant.

Case Number: CV07-05782 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 3, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kelly Lamont H-33023
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: April 3, 2008

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk